Circuit Court of Cuyahoga County.

LAURA J. WHITE, ADMINISTRATRIX, v. THE CLEVELAND FOUNDRY COMPANY.

Decided, November 17, 1902.

*Statute of Limitations—Dismissal of Pending Action on Motion of Plaintiff is Not a Failure in the Action.*

Where an action which has been commenced in due time, is dismissed by the plaintiff after the time limited for the commencement of such action has expired, even though such dismissal was made to avoid being forced into a trial for which the plaintiff was unprepared, a new action for the same cause, thereafter commenced, is barred, though commenced within one year after the dismissal of the former action.  Such dismissal is not a failure in the action within the purview of Section 4991, Revised Statutes.

*Kerruish, Chapman & Kerruish,* for plaintiff in error.
*Gilbert & Hills,* contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

The trial court sustained the demurrer to an amended petition filed by the plaintiff, and entered judgment for the defendant. The cause of action stated in the amended petition was barred by the statute of limitations, unless the case made falls within the provision of Section 4991, Revised Statutes:

"If, in an action commenced, or attempted to be commenced, in due time a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such reversal or failure, expired, the plaintiff, or, if he die and the cause of action survive, his representatives, may commence a new action within one year after such date, and this provision shall apply to any claim asserted in any pleading by a defendant. And if the defendant is a corporation, whether foreign or created under the laws of this state, and whether the charter thereof prescribes the manner and place, or either, of service of process thereon, and such corporation passes into the hands of a receiver before the expiration of said year, then service to be made within said year following such original services or attempt to commence the action may be made upon such receiver or his cashier, treasurer, secretary, clerk or managing agent, or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such agents or officers of such receiver with the person having charge thereof, and if such corporation is a railway company, summons may be served upon any regular ticket or freight agent of said receiver, and if there is no such agent, then upon any conductor of such receiver, in any county in the state in which said railroad is located, and the summons shall be returned as if served upon said defendant."

The allegations of the petition relied on to bring the case within the terms of this statute, are:

"And the plaintiff says that during the July term for the year of 1897, this plaintiff as such administratrix commenced her action against this defendant in this court, setting forth the facts above alleged in language identical with the words of this complaint, asking the same relief herein demanded. That she was joined by the defendant, and after many delays and continu-

ances, at last on the first day of March, 1899, and by mischance said action came on hearing in said court in court-room No. 3, presided over by his Honor, Judge Lamson, then of this court, where a jury was assembled hurriedly, and at a time when plaintiff happened to be unprepared for trial, and could not prosecute said action—and of which fact said court became speedily aware—and that thereupon and in the midst of plaintiff's appeals for a postponement, by her attorney, said jury was ordered to be sworn and was sworn, in said action, and that thereupon, plaintiff by her attorney informed the court that he could not proceed with said case and would not prosecute the same; and there and then without question or prosecution thereof, and for want of it, and at the court's demand to proceed forthwith or submit to a verdict against her, plaintiff again by her attorney stated to the court her inability to proceed or to prosecute her action and thereupon insisted upon her right to have her cause dismissed for said reason, and without prejudice, which was thereupon immediately done and entered by said court.''

Under pressure the court entered a judgment of dismissal without prejudice, which the plaintiff insisted upon—the language of the petition is ''and thereupon insisted'' (that is, the plaintiff insisted) ''upon her right to have her cause dismissed for said reason without prejudice, which was thereupon immediately done and entered by said court.''

A proper construction of this petition compels us to hold that the case was dismissed by the court without prejudice, on request of plaintiff's attorney.

The case of *Siegfried* v. *Railroad Company*, 50 O. S., 294, is decisive of the question here made. The record of that case shows that the action was dismissed on motion of the plaintiff without prejudice to a future action, and judgment rendered against the plaintiff for costs. The syllabus of the case reads:

''Where an action which has been commenced in due time is dismissed by the plaintiff after the time limited for the commencement of such action has expired, a new action for the same cause, thereafter commenced, is barred, though commenced within one year after the dismissal of the former action. Such dismissal is not a failure in the action, within the purview of Section 4991 of the Revised Statutes.''

Under the facts alleged in the petition, there was no waiver on the part of the defendant of its right to insist upon the bar of the cause of action by the statute of limitations. The defendant having answered the original petition, the court might, in its discretion, have refused to grant the defendant permission to withdraw his answer and file a demurrer to the petition in order to avail himself of the bar of the statute; but whether such permission should be granted or withheld was wholly within the discretion of the court, and permission having been given to the defendant to withdraw his answer, the case stood as if no answer had been filed, and left the defendant at liberty, either by demurrer or by answer, to avail itself of the fact that the cause of action was barred by the statute of limitations.

We find no error in the record, and the judgment of the court of common pleas is affirmed.

---

## CHANGE OF MATERIALS UNDER A BUILDING CONTRACT.